STATE ex rel. FIELD vs. SAXTON and another.

| 14  123|
|103  627|

Where an issue of fact is joined in this court in a case of *mandamus* or writ of
    prohibition, the statute requires that the issue should be sent for trial to the
    county in which the material facts relative to the issue are alleged to have
    taken place.

Conceding that this court may, for proper cause shown, order the trial to be had
    elsewhere, it cannot, without proof and upon the allegations of the plead-
    ings alone, assume that the cause cannot be fairly tried in the county where
    the material facts occurred, and send it to another county for trial.

June Term,
1861.

STATE
v.
SAXTON et al.

August 21.

Where an order was made on motion of the plaintiff, without notice and without cause being shown, sending the cause for trial to a different county from that in which the material facts were alleged to have occurred, the order was on motion of the defendant set aside, and the issue sent to the proper county.

*By the Court,* DIXON, C. J. MANDAMUS, to compel the respondent *Saxton*, as sheriff, and *Cutler*, as clerk of the board of supervisors of the county of Juneau, to hold their offices at the village of Mauston, the alleged county seat of said county. An issue of fact having been joined, an order was made at the last term, upon motion of the relator, sending it to the county of Sauk for trial. It now appears that the motion was made without previous notice to the respondents, and they move to vacate the order, as being improperly and improvidently made, and to have the issue transmitted to the county of Juneau for trial, that being the county in which the material facts put in issue are alleged to have taken place. At the time the order was made, our attention was not called to the provisions of the statute governing the trial of issues of this nature. Section 3, chap. 159, R. S., entitled "Of Writs of Mandamus and Prohibition," provides: "Issues of fact joined in any such proceeding," i. e. *mandamus*, "shall be tried at special or general terms of the circuit court, in the county within which the material facts contained in the *mandamus* shall be alleged to have taken place; and the court shall have power to summon a jury for the purpose, and prescribe the manner of summoning the same."

Section 10, chap. 115, R. S., is of like import. By section 8, cases of *mandamus* and prohibition are excepted from those actions commenced in this court in which we may order a jury for the trial of issues of fact. Section 9 prescribes the manner in which the jurors are to be drawn and summoned. Section 10 declares: "The foregoing section shall not apply to cases of *mandamus* or writs of prohibition in the supreme court; but when in any such case an issue of fact shall be joined, it shall be the duty of the supreme court to send the same to the circuit court for the county within which the material facts relative to such issue shall be alleged to have taken place; and it shall be tried in such

court in the same manner as other issues of fact are tried, and returns shall be made thereupon as directed by the supreme court."

It is manifest from these provisions, that the order which the respondents move to set aside, was improperly made; and that, in the absence of proof showing that a fair and impartial trial cannot be had in the county of Juneau, that is the county in which the issue should be directed to be tried. For conceding that the statutes are directory merely, and that we may, for proper cause shown, order the trial to be had elsewhere, still we cannot, without proof, and upon the allegations of the pleadings alone, assume that the cause cannot be fairly tried in that county, and upon that assumption send it to another. The motion of the respondents must therefore be granted.

Let the order of the 27th of February, sending the case to the county of Sauk, be vacated, and an order transmitting it to the county of Juneau, for a trial of the issues of fact, be entered.